UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
DANIEL CLAY,

                Petitioner,                              MEMORANDUM
                                                                       AND ORDER

       -against-

                                                                              08-CV-1633 (ENV)

DALE ARTUS,

                Respondent.
-----------------------------------------------------------X
VITALIANO, United States District Judge:

By petition dated April 11, 2008, *pro se* petitioner Daniel Clay seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. By Memorandum and Order dated April 23, 2008, the Court granted petitioner's request to proceed *in forma pauperis* and directed petitioner to show cause why the petition should not be dismissed as time-barred by the one year statute of limitations under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). On June 4, 2008, the Court received petitioner's Affirmation. Having reviewed the affirmation, the Court finds that petitioner is not entitled to equitable tolling and the petition is dismissed as time-barred.

## Background

On December 23, 1998, petitioner was convicted of, among other things, murder in the second degree, before the New York Supreme Court, Queens County, and sentenced to 25 years to life imprisonment. See Petition at ¶¶ 1-5. On April 30, 2001, the Appellate Division affirmed the conviction, People v. Clay, 282 A.D.2d 755 (2d Dep't 2001), and the New York Court of Appeals denied leave to appeal on July 11, 2001, People v. Clay, 96 N.Y.2d 899 (2001). Petitioner did not file a writ of *certiorari* to the United States Supreme Court. See Petition at ¶ 9(h). Petitioner filed this application for habeas corpus relief on April 11, 2008.

## Discussion

A.  <u>Statute of Limitations</u>

The AEDPA imposes a one-year period of period of limitation on the filing of a petition for a writ of habeas corpus by a person in custody pursuant to a state court conviction. 28 U.S.C. § 2244(d)(1). Absent other circumstances, see § 2244(d)(a)(B)-(D),[1] the one-year period runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," § 2244 (d)(1)(A). Petitioner challenges a conviction which became final on October 9, 2001, upon expiration of the 90-day period for seeking a writ of certiorari. Lawrence v. Florida, — U.S. —, 127 S.Ct. 1079, 1084-85 (2007); Williams v. Artuz, 237 F.3d 147, 150-51 (2d Cir. 2001). In order to be timely, this petition should have been filed in federal court on or before October 9, 2002. Since this petition was filed on April 11, 2008, after the one year limitations period had already expired, it is barred by 28 U.S.C. § 2244(d), unless tolling is applicable.

B.  <u>Statutory Tolling</u>

The Court previously determined that the statutory tolling provision under 28 U.S.C. § 2244(d)(2), Smith v. McGinnis, 208 F.3d 13, 16 (2d Cir. 2000) (*per curiam*), did not save this petition from being time-barred since the relevant post-conviction motions were filed in 2003, after the AEDPA's limitations period had already expired, see Pet. ¶ 12. See Order dated April 23, 2008 at 3. However, the Court directed petitioner to provide a basis to show whether he was

---

[1] The Court concluded that subsections § 2244(d)(1)(B) and (D) either did not apply or did not provide an alternate date by which petitioner's habeas corpus petition could be rendered timely filed. See Memorandum and Order dated April 23, 2008 at 4-5.

entitled to equitable tolling.

C. <u>Equitable Tolling</u>

Equitable tolling is available if petitioner can demonstrate that (i) "extraordinary circumstances prevented him from filing his petition on time," <u>Smith</u>, 208 F.3d at 17, and (ii) he "acted with reasonable diligence throughout the period he seeks to toll." <u>Id.</u>; <u>see also</u> <u>Lawrence</u>, 127 S.Ct. at 1085 (assuming without deciding that equitable tolling is available if petitioner can show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing.") (citation omitted); <u>see also</u> <u>Diaz v. Kelly</u>, 515 F.3d 149, 153 (2d Cir. 2008).

Here, petitioner argues that the denial of law library access, the exhaustion of constitutional claims in state court, the denial of adequate medical care, and harassment by staff prevented him from timely filing this petition. Petitioner's Aff. at 1-4. Petitioner first argues that "from the moment I arrived at Clinton C.F. on March 13, 2000 till the present, I have had problems getting to the law library." Aff. at 1. He also alleges that this problem is also faced by other inmates. Petitioner alleges that he was able to file the instant petition because he filed it from Rikers Island Correctional Facility where he has better access to the law library. Petitioner's vague allegation of "problems getting to the law library" does not support a claim that he was prevented from filing the habeas petition in a timely manner. <u>See, e.g.</u>, <u>Stokes v. Miller</u>, 216 F.Supp.2d 169, 172-73 (S.D.N.Y. 2000); <u>Hernandez v. United States</u>, No. 06 Civ. 799, 2006 WL 1080406, at *2 (S.D.N.Y. Apr. 24, 2006) ("A general complaint regarding prison library materials is not an 'extraordinary circumstance' warranting equitable tolling."). Second, petitioner argues that he only received the pretrial minutes on July 7, 2006 and that the petition was late because he was attempting to exhaust his state court

remedies. See Pet. Aff. at 2-3. However, as noted by the Court in the prior order, the bulk of the grounds raised in the petition were known to petitioner before the limitations period expired and he does not dispute that conclusion in his response to the Court. Also, as noted by the Court in the prior order, the delay in obtaining the pretrial minutes does not warrant equitable tolling. Petitioner's third allegation regarding the denial of medical care, see Pet. Aff. at 3, and fourth allegation regarding alleged harassment by staff, see Pet. Aff. at 4, does not show how he was prevented from filing a timely petition and does not demonstrate a causal relationship between the alleged circumstances and the lateness of his filing. See Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000). In any event, petitioner also fails to show that he acted with reasonable diligence during the time he became aware of a basis to challenge his conviction in federal court. Smith, 208 F.3d at 17.

## Conclusion

Accordingly, the Court concludes that equitable tolling does not apply and dismisses the petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as time-barred by the AEDPA's one year statute of limitations. As this petition presents no "substantial showing of the denial of a constitutional right," a certificate of appealability shall not issue. 28 U.S.C. § 2253(c). The Court certifies pursuant to 28 U.S.C. § 1915(a) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* is denied for the purpose of any appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

The Clerk of Court is directed to close this case.

SO ORDERED.

Dated: Brooklyn, New York
June 23, 2008

s/ENV

_____
ERIC N. VITALIANO
United States District Judge